This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Timothy E. Beech, appeals the decision of the Summit County Court of Common Pleas, which sentenced him to five years incarceration for a felony conviction of failure to comply with the order or signal of a police officer. This Court affirms.
 I. {¶ 2} On March 8, 2002, appellant was arrested and charged with failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B), criminal trespass in violation of R.C.2911.21(A)(1), reckless operation in violation of R.C. 4511.20, and failure to control in violation of R.C. 4511.202. Appellant was indicted on these charges and pled not guilty to them.
 {¶ 3} On April 16, 2002, per a plea agreement, appellant pled guilty to the third degree felony offense of failure to comply with an order or signal of a police officer and the remaining three charges against him were dropped. The court ordered a presentence investigation and report. On May 14, 2002, a sentencing hearing was held and appellant was sentenced to five years in prison. Although appellant had not been incarcerated previously, the trial court found that his conduct was the worst form of the offense, appellant was not amenable to community control, and appellant must be imprisoned to adequately protect the public.
 {¶ 4} Appellant timely appealed and sets forth two assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR {¶ 5} "THE TRIAL COURT ABUSED ITS SENTENCING DISCRETION IN NOT CONSIDERING THE MANDATORY FACTORS SET FORTH IN R.C. 2929.13 AND R.C.2921.331 AND IMPOSING AN EXCESSIVE SENTENCE."
 {¶ 6} In his first assignment of error, appellant asserts that the trial court abused its sentencing discretion in not considering the mandatory factors set forth in R.C. 2929.13 and R.C. 2921.331 and therefore it imposed an excessive sentence against him. This Court disagrees.
 {¶ 7} R.C. 2929.14(B)(2) provides that a trial court may impose more than the minimum prison term authorized for a felony offense where "[t]he court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." Furthermore, R.C. 2929.14(C) provides that the trial court must find an offender falls under one of the following four categories before it may impose a maximum sentence: offenders who commit the worst forms of the offense, offenders who pose the greatest likelihood of committing future crimes, certain major drug offenders under R.C. 2929.14(D)(3), or certain repeat violent offenders in accordance with R.C. 2929.14(D)(2).
 {¶ 8} R.C. 2921.331(B) states: "No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop." If the offender's operation of the vehicle was either a "proximate cause of serious physical harm to persons or property" or caused "a substantial risk of serious physical harm to persons or property" beyond a reasonable doubt, the violation becomes a third degree felony. R.C. 2921.331(C)(5)(a)(i, ii) When sentencing an offender for a violation of R.C. 2921.331(B) which rises to the level of a third degree felony, the court shall consider factors provided in R.C.2921.331(C)(5)(b)(i-ix), as well as factors set forth in R.C. 2929.12 and R.C. 2929.13.
 {¶ 9} In the present case, appellant pled guilty to one count of failure to comply with an order or signal of a police officer under R.C.2921.331(B), and the trial court found his violation to be a third degree felony under R.C. 2921.331 (C)(5)(a)(ii). Appellant now argues that the trial court did not consider the factors set forth in R.C. 2929.13 and R.C. 2921.331 and its sentence against appellant was excessive. This Court finds that the trial court did consider the factors under these statutes and presented its findings in consideration of them when it imposed its sentence upon appellant.
 {¶ 10} After hearing from the arresting officer, defense counsel, and appellant during the sentencing hearing, the court stated the following:
 {¶ 11} "I have reviewed the presentence investigation by the probation department. I have reviewed the community control or residential treatment option that [defense counsel] has provided to me with regard to this defendant. I will note the factors I am required to consider in imposing a sentence in this particular matter.
 {¶ 12} " *** This was a very lengthy high speed chase through very highly traveled areas and roadways placing the officers' lives at risk, as well as the risks to other motorists on the road, and the details are set forth in the PSI; but there's no doubt in my mind this was a very scary, scary evening for all officers who were attempting to apprehend this defendant.
 {¶ 13} "At the time of committing the offense the offender was under a sanction, probation, under post-release control or other form of community control sanction. He does have a history of criminal convictions. The record would indicate he has not responded favorably to sanctions previously imposed for those convictions. Unfortunately, contrary to what [the defendant] has indicated to me, he has had opportunities of treatment by and through, some of those I have noted in the record, the Oriana House halfway house program, through the drug court program in this jurisdiction, as well as through other forms of probation."
 {¶ 14} The court made reference to the duration of the pursuit, the distance of the pursuit, the high rate of speed during the pursuit, the fact that the pursuit occurred on very highly traveled roads, and the great risk the pursuit placed on both the police officers and other motorists, which are all relevant factors under R.C.2921.331(C)(5)(b)(i-ix) that indicate appellant's conduct was more serious than conduct normally constituting the offense. The court also made reference to the fact that appellant was under a community control sanction at the time he committed the offense, appellant has a criminal record that indicates he has not responded favorably to community control sanctions imposed for previous convictions, and that appellant has a pattern of drug abuse of which he has disregarded many treatment opportunities, which are all relevant factors that R.C. 2929.13(C) states shall be considered under R.C. 2929.12 that indicate that appellant is likely to commit future crimes.
 {¶ 15} Moreover, this Court finds that the trial court made the appropriate findings under R.C. 2929.14(B)(2) and (C) in its imposition of the maximum sentence upon appellant for his felony offense. The court stated the following at the sentencing hearing:
 {¶ 16} "The Court will impose a term of five years. I will give the maximum term because the offender committed the worst form of offense placing the lives of these officers and the public at the greatest form of risk. The defendant poses the greatest likelihood of committing future crimes by his failure to deal with his drug problem despite the fact he has been given those opportunities.
 {¶ 17} "That will be the court's sanction, the court's sentence in this particular matter, and I will note the seriousness of this offense. It's necessary to impose a sentence to protect the public in this particular matter."
 {¶ 18} The sentencing journal entry also stated that the court "has considered the record, oral statements, as well as the principles and purposes of sentencing under O.R.C. 2929.11, and the seriousness and recidivism factors under O.R.C. 2929.12." The court found several factors applicable in sentencing appellant, and listed them as follows:
 {¶ 19} "(1) Committed while on bail, awaiting sentencing, under community sanctions, under post-release control, etc.
 {¶ 20} "(2) History of criminal convictions or delinquency adjudications;
 {¶ 21} "(3) Has not responded favorably to sanctions previously imposed;
 {¶ 22} "(4) Recidivism more likely; has not been rehabilitated;
 {¶ 23} "(5) It demeans the seriousness of the offense and does not adequately protect the public;
 {¶ 24} "(6) Offender committed the worst form of the offense;
 {¶ 25} "(7) Offender poses the greatest likelihood committing future crimes [.]"
 {¶ 26} The court also found in its journal entry that appellant was not amenable to community control and that prison was consistent with its purposes of sentencing under R.C. 2929.11.
 {¶ 27} After careful review of the record and law, this Court finds that the trial court did consider the factors set forth in R.C.2929.13 and R.C. 2921.331 and its sentence against appellant was not excessive. Appellant's first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR {¶ 28} "THE CONVICTION SHOULD BE REVERSED BECAUSE THE DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL."
 {¶ 29} In his second assignment of error, appellant argues that his conviction should be reversed because he was denied effective assistance of counsel. This Court disagrees.
 {¶ 30} A two-step process is employed in determining whether the right to effective counsel has been violated:
 {¶ 31} "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland v. Washington
(1984), 466 U.S. 668, 687, 80 L.Ed.2d 674, 693.
 {¶ 32} In demonstrating prejudice, the defendant must prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the [case] would have been different." State v.Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. In addition, a reviewing court must evaluate "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland, 466 U.S. at 695. "Ultimately, the reviewing court must decide whether, in light of all the circumstances, the challenged act or omission fell outside the wide range of professionally competent assistance." State v. DeNardis (Dec. 29, 1993), 9th Dist. No. 2245-M.
 {¶ 33} In the present case, appellant is challenging his counsel's assistance at the time of the sentencing hearing. Appellant argues that his counsel failed both to raise mitigating factors for appellant and to require the trial court to address the alleged lack of enhancing factors at the sentencing hearing. After careful review of the record, and in light of the detailed explanation of the statutory factors considered during the sentencing hearing as discussed earlier in this opinion, this Court finds that appellant was not denied effective assistance of counsel.
 {¶ 34} Appellant has failed to show that his counsel committed any error in the sentencing hearing as there was extensive discussion of the factors provided under both R.C. 2929.13 and R.C. 2921.331. Consequently, appellant has not proven a reasonable probability that, were it not for counsel's errors, the result of his case would have been different. Appellant's counsel effectively addressed the court by informing it of appellant's drug problem, explaining his work history and criminal record, presenting appellant's eligibility for different drug programs, and attempting to mitigate appellant's conduct before the court rendered its sentence. Appellant's counsel requested a residential treatment program for appellant, but the court held, after referral to various factors under R.C. 2929.13 and R.C. 2921.331, that the only appropriate sanction for appellant's crime would be a prison sentence.
 {¶ 35} In light of all the circumstances, this Court finds that appellant's counsel's advocacy at the sentencing hearing challenged was well within the wide range of professionally competent assistance. Appellant's second assignment of error is overruled.
 III. {¶ 36} Accordingly, appellant's two assignments of error are overruled. The judgement of the trial court is affirmed.
 {¶ 37} The Court finds that there were reasonable grounds for this appeal.
 {¶ 38} We order that a special mandate issue out of this Court, directing the , County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
 {¶ 39} Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
BAIRD, P.J. and WHITMORE, J., concur.